## KANSAS & TEXAS COAL COMPANY vs REED.

### Opinion delivered June 8, 1897.

*1. Personal Injury—Excessive Judgment.*

> Appellee had his foot crushed through the negligence of the appellant, defendant below. As shown by the evidence, the injury was not serious, and not such as to seriously interfere with appellee earning his living, although he sustained loss of time and substantial injury. *Held*, That a judgment for $5000, under all the circumstances, is excessive.

Appeal from the United States Court for the Central District.

YANCEY LEWIS, Judge.

Action by R. M. Reed against Kansas & Texas Coal Company for damages for personal injury. Judgment for plaintiff. Defendant appeals. Affirmed upon remittitur of $1,500.

This is a suit brought by plaintiff, in the United States Court in the Central district of the Indian Territory, at Cameron, to recover $15,000, damages alleged to have been sustained by him by reason of the negligence of the appellant, at its Pocahontas or Braidwood Mine, in the Indian Territory, in May, 1895. Appellee was at the time of the injury 35 years of age, in good health, and a common laborer, in full possession of his faculties. He had been employed by the appellant at Braidwood, on top of the ground, for three or four years. He was intimately and thoroughly acquainted with the tracks on top of the ground owned by the appellant, the screen, stationary engine, and, in fact, the

location, kind, and character of all of the appellant's appliances located on the surface. When he first commenced to work for appellant, he was employed in firing the boilers which furnished power for running the machinery at the Braidwood Mine. This firing was done sometimes in the daytime, and sometimes at night. About three or four weeks prior to the injury complained of, the superintendent of the appellant company put the appellee to work helping load cars, but he retained, as a part of his work, the duty of starting and stopping the little engine. On the day of the injury, after weighing an empty flat car, the appellant's superintendent, appellee, and some laborers pushed said car west, back past the switch, and then onto what is known as the slack track. They were all behind the car, pushing it towards the east. The slack track was located east and west, and was next to a platform near the end of which was located a small stationary engine, which, when started, shoved backward and forward a screen which was located above the ground; and the movement of this screen backward and forward shook the slack from out the coal, and it fell through this screen, down into an empty car standing upon the slack track, until this empty car was loaded, and then another empty car was brought up past the switch in the same way, switched onto this slack track, pushed to the brow of the hill, and then allowed to roll down grade, and displace the loaded car standing under the screen, and then this empty car would be loaded by starting the screen; and this process was continued until a sufficient number of cars to make up a train had been loaded. At this time, after these parties had pushed the car past the switch, and then onto the slack track, and then to the brow of the hill east towards the screen, appellant's superintendent told appellee to "run ahead, and start the jigger engine." The car at that time was moving slowly down the grade, towards the screen, so as to stand under the screen. The engine was located on a

platform near the end thereof, on the south side of the slack track. Appellee started east between the slack track and the nut track, running. The nut track was the next track north of the slack track. The screen, which, as before stated, is elevated, is about 40 or 50 yards from the switch on the slack track. The north side of the platform at the east end is about four feet high, and the north side at the west end is about five feet high. There were three tracks running east and west. In the process of loading the cars with slack, the empty car was pushed up from the east towards the west on the lump track, which was the extreme north track, and there weighed, and then pushed on west past the switch onto the slack track, and then east towards the screen on the slack track. The car appellee and the other men were pushing was a long, heavy flat car, and was two or three feet higher than the platform. After appellee had run down between the nut track and the slack track for some little distance, without turning to see where the car was which was moving in his direction when he left the superintendent and the other laborers, appellee turned to the south, and started across the slack track, on which the empty car was moving towards him. There was a plank which ran back south in under the platform into loose slate, and towards the north was even with the platform. When appellee started to get on the platform, he stepped on this plank, and lost his balance. He then attempted to get on the platform again, and succeeded, with the exception of his left foot, which was caught between this empty flat car (which had arrived at this point at that time) and the platform, and this foot was crushed. This contention of appellee is that the negligence of appellant was gross; the injuries to appellee serious, painful, and probably permanent. There are many other details of fact set forth in the pleadings and in the evidence. We have stated the case sufficiently plain to indicate the contention of the parties. The case was tried at Cameron,

at the February term, 1896; and verdict was returned by the
jury for $5,000, in favor of plaintiff below (appellee in this
suit.) Appellant (defendant below) has appealed the case
to this court.

*Adiel Sherwood*, for appellant.

1. The court erred in refusing to instruct a verdict
for defendant. Kirkland vs Railway Co., 65 Fed. 386;
Jones vs Railway Co., 26 S. W. 590; Briggs vs Railway Co.,
24 S. W. 1069; Railway Co. vs French, 23 S. W. 642; Watson
vs Kansas & Texas Coal Co., 52 Mo. App. 366; Railway Co.
vs Smithson, 45 Mich. 212; Powell vs Railway Co., 76 Mo. 80;
Lucey vs Hannibal Oil Co., 129 Mo. 32; Ciriack vs Merchant's
Co., 151 Mass. 152; Aldrich vs Maitland Blast Furnace Co.,
78 Mo. 559; Cunningham vs Railway Co., 5 McCrary 465;
Barracitt vs Railway Co., 83 Va. 288; Larkin vs Railway Co.,
104 Mo. 234; O'Donnell vs Patton, 117 Mo. 13; Sanborn vs
Railway Co., 35 Kas. 292.

2. Defendant was not the insurer of the safety of
plaintiff and was bound to use only ordinary care to provide
plaintiff with a reasonably safe place to work in and reason-
ably safe machinery tools and implements to work with.
Railway Co. vs Abbott, 24 S. W. 299.

3. If plaintiff has the same knowledge or means of
knowledge as defendant of the danger of his employment,
and knew that the acts which he was performing would be
dangerous to him, then he could not recover. Cunningham
vs Railway Co., 17 Fed. 882; Thompson vs Railway Co., 18
Fed. 239; Minty vs Railway Co., 4 L. R. A. 409.

*Cole & Redwine, Rogers & Oglesby* and *S. Guerrier*, for
appellee.

1. This court can not consider the refusal to give instruction asked by defendant below, because exception saved was too general. The exceptions, as shown by the record, are as follows:

"Whereupon the defendant asked the court to give the following instructions, to-wit," (Here follow the instructions asked) "and the court refused to give to the jury each and every and all the instructions as above, and to which action of the court in refusing to give said instructions defendant then and there and at the time excepted and still excepts."

This exception can not be regarded by this court. McClellan vs Pyeatt, 4 U. S. App. 332; 50 Fed. 686; Christman vs McDonald, 28 Ark. 19; Lucas vs Brooks, 18 Wall. 456; Elliott's App. Pro. 299; Mouler vs American Life Ins. Co., 11 U. S. 335; Bogk vs Gassert, 149 U. S. 17; Worthington vs Mason, 101 U. S. 149; Aitkens vs Swope, 38 Ark. 528; Fordyce vs Russell, 59 Ark. 314; Dunnington vs Frick Co., 60 Ark. 256.

2. The court did not err in refusing to give the peremptory instruction asked by appellant. In determining this proposition the law regarding the relative rights and duties of a master and servant, where the servant is injured while at work under the direction and order of the master, should be considered. S. W. Telephone Co. vs Woughton, 56 Ark. 211. When a servant is acting under the order of the master, he is not called upon to set up his own judgment against his superiors, and he must rely upon their advice and still more upon their orders, notwithstanding many misgivings of his own. Harrison vs Detroit R. R. Co., 19 Am. St. Rep. 180; Keegan vs Kavanaugh, 62 Mo. 230; Shortell vs City of St. Joseph, 24 Am. St. Rep. 317.

KILGORE, J. (after stating the facts.) We have carefully examined the briefs of counsel, and the record and

pleadings in this case, and have reached the conclusion that there is no reversible error in the record, so far as the law applicable to the case is concerned. Owing to the great pressure of other business, we cannot at this time review the various errors assigned, and state specifically the reasons for such holding. We are, however, of the opinion that the judgment is excessive. The evidence does not show a serious injury, and, while the evidence is conflicting as to whether it is permanent or not, yet it seems clearly established that the appellee had so far recovered at the time of the trial that the injury would not seriously interfere with his earning a living. However, he has suffered greatly, and sustained loss of time and substantial injury, for which he ought to recover. We think that $5,000, under all the circumstances, is excessive; and, if the appellee will enter of record a remittitur within 10 days of $1,500 of the verdict which has been recovered, the judgment will be affirmed for $3,500; otherwise, the judgment will be reversed, and the case remanded.

SPRINGER, C. J., concurs. CLAYTON, J., did not participate in the hearing of this case.